Rose, C. J.,
concurring in part and dissenting in part:
I agree with the majority’s decision to the extent that it reverses the order of summary judgment in favor of the State. However, I would remand the case for trial so the parties can introduce extrinsic evidence to discern the parties’ intent when entering the contract.
*939 Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Van Cleave v. Gamboni Constr. Co., 101 Nev. 524, 706 P.2d 845 (1985). Where a written contract is ambiguous and extrinsic evidence is required to discern the parties’ intent, summary judgment is inappropriate. Mullis v. Nevada National Bank, 98 Nev. 513, 654 P.2d 536 (1982); see also Mobile Acres, Inc. v. Kurata, 508 P.2d 889 (Kan. 1973).
Although both parties contend that the contract is clear on its face and unambiguous, the contract is ambiguous. The contract is subject to two diiferent but reasonable interpretations. A literal reading of paragraph 11, which points to the “above mentioned stock water rights,” refers only to the stock water rights described in the second recital. The second recital describes the stock water rights of nonsignatory parties. The only mention of Dickenson’s stock water rights comes in paragraph 15. Thus, one reasonable reading of the contract is that Dickenson may only exercise his stock water rights by grazing his cattle next to the reservoir when the reservoir falls below 160 acre-feet.[1]
The majority opinion provides a second reasonable reading of the contract. Namely, that paragraph 11, read in conjunction with paragraph 15 and the second recital, allows Dickenson to release water to fill his stock ponds even when the reservoir has fallen below 160 acre-feet. In light of these reasonable but different interpretations, I feel that extrinsic evidence is necessary to help discern the parties intentions. This is especially true since the interpretation of a written contract involves determining the thoughts that the users of the words intended to convey to each other. 3 Arthur L. Corbin, Corbin on Contracts § 543c (1960 & Supp. 1993).
Finally, the majority opinion recognizes that the contract at issue is ambiguous, then applies the maxim contra proferentum, and construes the document against the State. However, since the contract involves the public good, the majority could just as easily construe the contract in favor of the public interest. See County of Clark v. Bonanza No. 1., 96 Nev. 643, 615 P.2d 939 (1980). Although it appears that the parties agree that no extrinsic evidence is necessary to discern their intent,[2] equity requires more than the blind application of maxims of contract interpretation.
*940 Based on the foregoing considerations, I would reverse and remand to allow the parties to introduce extrinsic evidence to discern their intent.

 The majority infers that it would be unreasonable to interpret the contract in a way that would allow Dickenson to release water to satisfy downstream users but not himself. This may be so, however, it is mere speculation without further evidence of the parties’ intent.

 This is not surprising considering both parties argue that the document is clear on its face.